IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS-MARTIN HAPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1401-GBW |
| | ) | |
| JUDGE JOHN PAPARRAZZO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

At Wilmington, this 13th day of May 2025, having reviewed *pro se* Plaintiff Thomas-Martin Happle's responses (D.I. 6, 9) to the previously assigned District Judge's Show Cause Order (D.I. 5) and Order Denying Transfer (D.I. 8);

WHEREAS Plaintiff's Show Cause Order response (D.I. 6) does not show that service was perfected on Defendants Judge John Paparrazzo, and this case cannot proceed without service on Defendant;

WHEREAS Plaintiff's Order Denying Transfer response (D.I. 9) states that he wishes to proceed in federal court, but this Court has "limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500,

514 (2006), and it must dismiss an action any time it determines subject matter jurisdiction is lacking, *see* FED. R. CIV. P. 12(h)(3);

WHEREAS, the Complaint (D.I. 1) asserts that, on or about April 5, 2023, in either Millsboro, Delaware, or Riverdale, New Jersey, Plaintiff attended his son's plea hearing in Defendant's courtroom, Plaintiff was not permitted to speak during the hearing, and then Defendant had Plaintiff removed from the courtroom;

WHEREAS a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts," *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009); and

WHEREAS no substantial federal question can be discerned from the Complaint for jurisdictional purposes, *see Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (discussing difference between failing to state a claim for relief on the merits and raising "wholly insubstantial and frivolous" claims that fail even to raise a substantial federal question);

THEREFORE, IT IS HEREBY ORDERED that the Complaint (D.I. 1) is **DISMISSED** without prejudice for lack of jurisdiction;

IT IS FURTHER ORDERED that this case is **CLOSED**, as amendment is futile.

                                                                              The Honorable Gregory B. Williams
United States District Judge